# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 18-CR-2495-WQH-JMA |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JOSE LUIS LARA-ZARAGOZA, | |
| Defendant. | |

The matter pending before the Court is the appeal of the order by the Magistrate Judge setting bond (ECF No. 14) filed by the Plaintiff United States.

**BACKGROUND FACTS**

On April 19, 2018, Defendant was arrested in the Southern District of California. On April 20, 2018, a Complaint was filed alleging the Defendant knowingly and intentionally possessed 5 kilograms and more of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1).

On April 23, 2018, Defendant appeared before United States Magistrate Judge for initial appearance.

On May 3, 2018, Defendant appeared before United States Magistrate Judge for a detention hearing. At the conclusion of the hearing, the Magistrate Judge entered a pretrial release order upon posting a $10,000 appearance bond secured by an approved, solvent corporate surety.

On May 7, 2018, Plaintiff United States filed a motion to appeal setting of bond by the Magistrate Judge and to stay setting of bond pending appeal.

On May 9, 2018, the Court granted the motion to stay order setting of bond pending appeal.

On May 17, 2018, the Court held a hearing.

## CONTENTIONS OF THE PARTIES

The Government moves the Court to revoke the bond set by the Magistrate Judge and order that the Defendant be detained. The Government asserts that it has satisfied its burden of demonstrating that Defendant is a risk of flight. The Government asserts that Defendant is a Mexican citizen with no ties to the United States facing serious charges involving a significant amount of cocaine carrying a mandatory minimum sentence. In the alternative, the Government moves the Court to impose a substantial property bond.

Defendant asserts that there is no presumption that an alien will not appear in court as directed and no evidence that undocumented status correlates with unmanageable flight risk. Defendant asserts that the Government cannot prove that he is a flight risk or that the $10,000 bond is not adequate.

## RULING OF THE COURT

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. The evidence in the record must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). The Court takes into account all available information concerning the factors set forth in § 3142(g) in determining whether there are conditions of release that will reasonable assure the appearance of the Defendant including the nature and

circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the Defendant. The weight of the evidence is the least important of the various factors, but it is a factor to be considered under §3142(g)(2). *See United States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

18 U.S.C. § 3142(e)(3) provides:

> (3) Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

18 U.S.C. § 3142(e).

There is probable cause to believe that the Defendant is committed an offense for which the maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801, et seq.) There is a rebuttable presumption of flight risk. 18 U.S.C. §3142(e). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

In this case, Defendant is a Mexican citizen with a limited tourist status to enter the United States and no legal status to remain in the United States. "Alienage may be taken into account" in determining flight risk but "it is not dispositive." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015). Defendant was arrested at the San Clemente Border Patrol station driving a commercial passenger bus after narcotics were located in the roof of the bus and charged with possession with intent to distribute cocaine. There is probable cause to believe that the Defendant committed the offense charged. Defendant faces a serious charge which includes a mandatory minimum ten year sentence. Defendant has no employment history in the United States, no financial ties to the United States. Defendant relies upon family ties to his United States citizen step-father who resides in Tijuana to post a bond that will assure that he will return to the United States to face these charges.

1  The Court concludes that Defendant has not rebutted the presumption that no conditions or combinations will reasonable assure his voluntary appearance at future court proceedings. Taking into account Defendant's alienage, his lack of employment history, his lack of significant family or financial ties to the United States, the severity of the potential punishment, and the weight of the evidence, the Government has carried the burden of persuasion under Section 3142(f).  Based upon the totality of the evidence, the Court finds that no condition or combination of conditions will assure Defendant's appearance.

IT IS HEREBY ORDERED that the appeal of the order by the Magistrate Judge setting bond (ECF No. 14) filed by the Plaintiff United States is granted. The Court finds that no condition or combination of conditions will assure Defendant's appearance.  Defendant is ordered detained pending trial under 18 U.S.C. § 3142(e) without prejudice.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General, or his designated representative, for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

DATED: May 21, 2018

**WILLIAM Q. HAYES**
United States District Judge